JOSEPH HARRINGTON
Acting United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

Lisa L. Bellamy
Gregory Bernstein
Trial Attorneys
U.S. Department of Justice Tax Division
Post Office Box 972
Washington, DC 20044
Telephone: (202) 307-6416

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JOSE L. ECHEVERRIA,<br><br>　　　　　　　　　Defendant. | 2:17-CR-00009-LMS<br><br>Motion and Memorandum in Support of United States' Motion for Declaration of Bond Forfeiture and Default Judgment<br><br>WITH ORAL ARGUMENT<br>JULY 25, 2017 @ 10:00 AM |

Pursuant to the Court's order of June 5, 2017, (ECF No. 32), the United States of America, by and through Joseph Harrington, Acting United States Attorney for the Eastern District of Washington, and undersigned counsel, moves this Court for a declaration of bond forfeiture and default judgment with respect to the Defendant's appearance bond of $250,000, that is secured by a cash deposit of $25,000 with the Clerk of the Court. On June 9, 2017, undersigned counsel contacted Robert McCallum, counsel for the Defendant, to advise him of the government's intent to file

Motion for Declaration of Bond Forfeiture -- 1

this motion. Attorney McCallum stated that he is uncertain about the Defendant's position on this motion as he has not been able to communicate with his client.

## FACTS

On February 15, 2017, the Defendant JOSE L. ECHEVERRIA appeared for his initial appearance and arraignment before the Hon. John T. Rodgers, who set the Defendant's conditions of release. Condition 14 required the Defendant to remain within the Eastern District of Washington while the case was pending but provided that the Defendant could be permitted to travel outside the judicial district upon the filing of a timely motion. (ECF No. 9.) Later on February 15, 2017, the Hon. Stanley A. Bastian accepted the Defendant's plea of guilty to willfully filing a false federal income tax return in violation of 26 U.S.C. § 7206(1). (ECF Nos. 12 & 15.) Sentencing was set for July 25, 2017. (ECF No. 24.)

On March 9, 2017, the Hon. Mary Dimke granted the Defendant's motion to travel to Mexico during the period March 15, 2017 through May 15, 2017, for the purpose of tending to his farm upon the posting of $25,000 cash as security for a $250,000 appearance bond. The Court further required the Defendant to call his probation officer on a weekly basis while he was in Mexico. (ECF No. 26.) Defendant posted $25,000 cash with the Clerk of the Court on March 9, 2017, and signed an agreement that the $250,000 bond would be forfeited if he did not comply with all conditions of release. (ECF No. 27.)

Motion for Declaration of Bond Forfeiture -- 2

The Defendant failed to return to the Eastern District of Washington on May 15, 2017, and has not contacted his probation officer on the required weekly basis since then. As a result, on May 17, 2017, Magistrate Judge Dimke issued a bench warrant for the Defendant's arrest. (ECF No. 30.) The bench warrant for the Defendant's arrest remains outstanding.

## ARGUMENT

Pursuant to Fed. R. Crim. P. 46(f)(1), "[t]he court must declare the bail forfeited if a condition of the bond is breached." "The purpose of a bail bond is to insure that the accused will reappear at a given time." *United States v. Toro*, 981 F.2d 1045, 1049 (9th Cir. 1992). Bail forfeiture is required if the defendant fails to appear or any other condition of release to which the parties have agreed is violated. *United States v. Vaccaro*, 51 F.3d 189, 192-93 (9th Cir. 1995). Forfeiture of bail bond is appropriate for violations of other conditions of release.

"A declaration of forfeiture is the first of several steps leading to actual forfeiture" of the bond under Rule 46. *United States v. Vaccaro*, 931 F.2d 605, 606 (9th Cir. 1991). After the court has declared forfeiture, it may set aside or reduce the bail forfeiture if the surety later surrenders into custody the person released on the surety's appearance bond or it appears that justice does not require the bail forfeiture. Fed. R. Crim. P. 46(f)(2). If the court does not set aside or reduce the bail forfeiture, it "must, upon the government's motion, enter a default judgment." Fed. R. Crim. P. 46(f)(3)(A). After entering a default judgment, the court "may remit in whole or in

Motion for Declaration of Bond Forfeiture -- 3

part the judgment under the same conditions specified in Rule 46(f)(2)." Fed. R. Crim. P. 46(f)(4).

"The language of the bond contract is strictly construed in accordance with the terms contained therein." *United States v. Lujan*, 589 F.2d 436, 438 (9th Cir. 1978), *cert. denied*, 442 U.S. 919 (1979). Bail bonds are contracts for liquidated damages. *United States v. Amwest Surety Co.*, 54 F.3d 601, 604 (9th Cir. 1995). This circuit does not require that the forfeiture of the bond amount approximate the costs to the government of a violation, because forfeiture is a form of liquidated damages. The only question is whether the amount of bail when set was appropriate in light of the underlying offense with which defendant was charged. *Id*. In any event, the district court must initially declare a forfeiture of the bail, and issues of remission are decided only if challenged.

Here, the Defendant breached the condition of his appearance bond by failing to adhere to all of the conditions of release contained in the Court's order of March 9, 2017. The Defendant failed to return to the Eastern District of Washington on May 15, 2017, and did not make the required contact with his probation officer on May 15, 2017. Accordingly, the United States respectfully requests that the Court take the first

Motion for Declaration of Bond Forfeiture -- 4

step under Rule 46(f) by "declar[ing] the bail forfeited." Fed. R. Crim. P. 46(f)(1). It also requests the court to issue a default judgment if it does not set aside the bail forfeiture.

DATED this 13th day of June, 2017.

JOSEPH HARRINGTON
Acting United States Attorney

s/ Lisa L. Bellamy

Lisa L. Bellamy
Trial Attorney
U.S. Department of Justice Tax Division

Gregory Bernstein
Trial Attorney
U.S. Department of Justice Tax Division

Motion for Declaration of Bond Forfeiture -- 5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert M. McCallum, Esq.
Counsel for Defendant Jose L. Echeverria
E-Mail: rmccallum@lesourd.com

Sean F. McAvoy
Clerk, U.S. District Court for the Eastern District of Washington
P.O. Box 1493
Spokane, WA 99210

<u>s/ Lisa L. Bellamy</u>

Lisa L. Bellamy
Trial Attorney
U.S. Department of Justice Tax Division

Motion for Declaration of Bond Forfeiture -- 6