UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO. 2:17-CR-00009-LRS |
| v. | ) DEFENDANT ECHEVERRIA'S RESPONSE |
| | ) TO PLAINTIFF'S MOTION FOR |
| JOSE L. ECHEVERRIA, | ) BOND FORFEITURE AND DEFAULT |
| | ) JUDGMENT |
| Defendant. | ) |

**INTRODUCTION**

JOSE L. ECHEVERRIA, through his attorney Robert M. McCallum, respectfully submits this Response to Plaintiff's Motion for Declaration of Bond Forfeiture and Default Judgment. Defendant respectfully requests Plaintiff's motion be denied, or, alternatively, that the Court set aside, pursuant to Fed. R. Crim. P. 46(f)(2)(B), a portion of the $250,000 that is secured by a cash deposit of $25,000 with a Clerk of the Court.

**FACTS**

Defendant, JOSE L. ECHEVERRIA, appeared for his initial appearance and arraignment in this matter before the Hon. John T. Rodgers on February 15, 2017. Judge Rodgers set Defendant's conditions of release, which provided, under Condition 14, that Defendant was to remain within the Eastern District of Washington during the pendency of this case, provided, however, that Defendant could travel outside of the judicial district upon the timely filing of a motion. ECF No. 9. That same day, the Hon. Stanley A. Bastian accepted Defendant's plea of

DEFENDANT ECHEVERRIA'S RESPONSE
TO PLAINTIFF'S MOTION FOR
BOND FORFEITURE AND DEFAULT JUDGMENT - 1

LeSourd & Patten, P.S.
600 University St, Ste 2401
Seattle, WA  98101
Tel:  (206) 624-1040
Fax:  (206) 223-1099

guilty with respect to the violation arising under 26 U.S.C. § 7206(1). <u>See</u> ECF Nos. 12 and 15. Sentencing was set for July 25, 2017. ECF No. 24.

Defendant owns an agave farm in Mexico that provides a substantial portion of Defendant and his family's income. On March 9, 2017, the Hon. Mary Dimke granted Defendant's motion to travel to Mexico to tend to his farm, which was to be from March 15, 2017, through May 15, 2017, provided that a $25,000 cash security for the $250,000 appearance bond was provided. Defendant was also required to call his probation officer weekly while in Mexico. ECF No. 26. On that same day, Defendant posted a $25,000 cashier's check with the Clerk of the Court and signed the agreement that the $250,000 bond would be forfeited if he did not comply with the Court's conditions. ECF No. 27. A bench warrant was issued for Defendant's arrest after he failed to return to the Eastern District of Washington by May 15, 2017.

Defendant has represented to his undersigned counsel that Defendant intends to return to the United States in time for his July 25, 2017, sentencing. Moreover, Defendant's inability to comply with the Court's conditions for release were the result of him being needed in Mexico to deal with drought-like conditions that were impacting his agave farm's future harvests. Most recently, Defendant has represented to the undersigned counsel that he intends to make a large payment towards his restitution at the time of sentencing from the proceeds of the harvest.

**ARGUMENT**

Under Fed. R. Crim. P. 46(f)(1), "[t]he court must declare the bail forfeited if a condition of the bond is breached." However, the court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if:

DEFENDANT ECHEVERRIA'S RESPONSE
TO PLAINTIFF'S MOTION FOR
BOND FORFEITURE AND DEFAULT JUDGMENT - 2

21683\000\64203_pld

LeSourd & Patten, P.S.
600 University St, Ste 2401
Seattle, WA 98101
Tel: (206) 624-1040
Fax: (206) 223-1099

(A)  the surety later surrenders into custody the person related on the surety's appearance bond; or

(B)  it appears that justice does not require bail forfeiture.

Fed. R. Crim. P. 46(f)(2).

Without waiving Defendant's position that Plaintiff's motion should be denied, Defendant argues that even if the Court does grant the Plaintiff's motion, the Court should, after entering a default judgment, set aside the bail forfeiture in whole or in substantial part under the conditions specified in Fed. R. Crim. P. 46(f)(2). Specifically, in this case, justice does not require bail forfeiture.

First, Defendant has communicated with undersigned counsel that it is his intent to return for sentencing, and that the reason for his current delinquency is out of a desire to make sure his farm is sustainable should he be sentenced to any kind of long-term confinement. This serves the twin purposes of making sure that Defendant's family has income for the term of Defendant's confinement, and it ensures that Defendant will have as much money as possible to satisfy any kind of restitution that is ordered in this case.

Second, Defendant did not leave the United States with the intent to abscond from the Court. Rather, his intent was to ensure his farm was situated and functioning correctly for the previously discussed reasons and to return by the May 15, 2017, deadline. Unfortunately, due to circumstances that could not have been foreseen at the time arrangements were made with the Court, namely drought-like conditions, Defendant felt it was best to stay in Mexico longer to tend to his farm.

Third, Defendant has represented to the undersigned counsel that he intends to make a substantial payment towards any restitution that is owed at his July 25, 2017, sentencing, thus

DEFENDANT ECHEVERRIA'S RESPONSE
TO PLAINTIFF'S MOTION FOR
BOND FORFEITURE AND DEFAULT JUDGMENT - 3

21683\000\64203_pld

LeSourd & Patten, P.S.
600 University St, Ste 2401
Seattle, WA  98101
Tel:  (206) 624-1040
Fax:  (206) 223-1099

demonstrating that Defendant's actions are not an attempt to completely circumvent the sentencing process of this case.

For the foregoing reasons, Defendant requests that if the above-referenced bail is declared forfeited by the Court and a default judgment entered, that all or a substantial part of the bail forfeiture be set aside.

RESPECTFULLY SUBMITTED this 20th day of June, 2017.

                        LeSOURD & PATTEN, P.S.

By:   /s/ Robert M. McCallum
       Robert M. McCallum, WSBA #16373
       600 University St, Ste 2401
       Seattle, WA  98101
       Telephone: (206) 624-1040
       Fax:  (206) 223-1099
       E-Mail:  rmccallum@lesourd.com
       Attorneys for Defendant Jose L. Echeverria

DEFENDANT ECHEVERRIA'S RESPONSE
TO PLAINTIFF'S MOTION FOR
BOND FORFEITURE AND DEFAULT JUDGMENT - 4

21683\000\64203_pld

**LeSourd & Patten, P.S.**
**600 University St, Ste 2401**
**Seattle, WA   98101**
**Tel:  (206) 624-1040**
**Fax:  (206) 223-1099**

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Further, I hereby certify that on June 20, 2017, I caused to be e-mailed the foregoing document to the following non-CM/ECF participants:

Sean Carter
U.S. Probation Officer
Sean_Carter@wawp.uscourts.gov

DATED: June 20, 2017.

/s/ Robert M. McCallum
Robert M. McCallum, WSBA #16373

DEFENDANT ECHEVERRIA'S RESPONSE
TO PLAINTIFF'S MOTION FOR
BOND FORFEITURE AND DEFAULT JUDGMENT - 5

21683\000\64203_pld

**LeSourd & Patten, P.S.**
**600 University St, Ste 2401**
**Seattle, WA  98101**
**Tel:  (206) 624-1040**
**Fax:  (206) 223-1099**