JOSEPH HARRINGTON
Acting United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

Lisa L. Bellamy
Gregory Bernstein
Trial Attorneys
U.S. Department of Justice Tax Division
Post Office Box 972
Washington, DC 20044
Telephone: (202) 307-6416

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE L. ECHEVERRIA,<br><br>Defendant. | 2:17-CR-00009-LMS<br><br>Motion and Memorandum in Support of United States' Motion for Sentencing in Absentia<br><br>WITH ORAL ARGUMENT SEPTEMBER 21, 2017 @ 10:00 AM |

Pursuant to the Court's order of July 26, 2017, (ECF No. 45), the United States of America, by and through Joseph Harrington, Acting United States Attorney for the Eastern District of Washington, and undersigned counsel, moves this Court to sentence Defendant Jose L. Echeverria in absentia on September 21, 2017, if he should fail to appear.

## FACTS

On February 15, 2017, Defendant JOSE L. ECHEVERRIA appeared for his initial appearance and arraignment before the Hon. John T. Rodgers, who set the Defendant's conditions of release. Condition 14 required the Defendant to remain

Motion for Sentencing in Absentia -- 1

within the Eastern District of Washington while the case was pending but provided that the Defendant could be permitted to travel outside the judicial district upon the filing of a timely motion. (ECF No. 9). Later on February 15, 2017, the Hon. Stanley A. Bastian accepted the Defendant's plea of guilty to willfully filing a false federal income tax return in violation of 26 U.S.C. § 7206(1). (ECF Nos. 12 & 15). Sentencing was set for July 25, 2017. (ECF No. 24).

On March 9, 2017, the Hon. Mary Dimke granted the Defendant's motion to travel to Mexico during the period March 15, 2017 through May 15, 2017, for the purpose of tending to his farm upon the posting of $25,000 cash as security for a $250,000 appearance bond. The Court further required the Defendant to call his probation officer on a weekly basis while he was in Mexico. (ECF No. 26). Defendant posted $25,000 cash with the Clerk of the Court on March 9, 2017, and signed an agreement that the $250,000 bond would be forfeited if he did not comply with all conditions of release. (ECF No. 27).

The Defendant failed to return to the Eastern District of Washington on May 15, 2017, and has not contacted his probation officer since then. As a result, on May 17, 2017, Magistrate Judge Dimke issued a bench warrant for the Defendant's arrest. (ECF No. 30.) The bench warrant for the Defendant's arrest remains outstanding. Sentencing was scheduled for July 25, 2017, at the United States District Court in Yakima, Washington. Robert McCallum, counsel for Defendant appeared at the sentencing hearing; however, Defendant did not appear. (*See* ECF Nos. 42 & 45.)

## **ARGUMENT**

Federal Rule of Criminal Procedure 43 guarantees a defendant the right to be present at sentencing. *See* Fed. R. Crim. P. 43(a)(3). However, Rule 43 was amended in 1995 to provide explicitly that a defendant in a noncapital case waives the right to be present at his sentencing if he is "voluntarily absent." *See* Fed. R. Crim. P. 43(c)(1)(B). The drafters emphasized that this amendment was intended to "make clear that a defendant . . . who has entered a plea of guilty or nolo contendere, but who

Motion for Sentencing in Absentia -- 2

voluntarily flees before sentencing, may nonetheless be sentenced in absentia." Fed. R. Crim. P. 43, Advisory Committee Notes to 1995 Amendment.

Before sentencing a defendant in absentia, it must be clearly established that the defendant is voluntarily absent. *See Taylor v. United States*, 414 U.S. 17, 19 n.3 (1973) ("If a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. . . . He must have no sound reason for remaining away.") (*quoting Cureton v. United States*, 396 F.2d 671, 676 (D.C. Cir. 1968)). If the court determines that the defendant is voluntarily absent, the court exercises its sound discretion in deciding whether to sentence the defendant in absentia. *United States v. Bradford*, 237 F.3d 1306, 1312-14 (11th Cir. 2001).

A voluntary absence may be expressly made by a "knowing and intelligent" waiver, or it may be implied by the defendant's actions and the circumstances of the case. *United States v. Lawrence*, 248 F.3d 300, 304-05 (4th Cir. 2001); *United States v. Jordan*, 216 F.3d 1248, 1249-50 (11th Cir. 2000). As discussed below, the circumstances of this case and the Defendant's actions demonstrate that he was "voluntarily absent" from the sentencing hearing on July 25, 2017.

Defendant was aware of the sentencing date of July 25, 2017. On February 24, 2017, the Court granted the Defendant's motion to continue sentencing from May 11, 2017, to July 25, 2017, so that he could travel to Mexico using his U.S. passport to tend to his farm. (ECF Nos. 24 & 26). On March 9, 2017, Defendant executed an appearance bond whereby he agreed to appear for all court proceedings and to follow all conditions of release. (ECF No. 27). The Court issued an arrest warrant for Defendant on May 17, 2017, after he failed to return from Mexico by May 15, 2017, and discontinued his required weekly phone contacts with his probation officer pursuant to the Court's order. (ECF No. 30). On June 20, 2017, Defendant's counsel informed the Court that the Defendant stayed at his farm in Mexico in order to deal with drought conditions that were impacting his crops but that Defendant intended to appear at sentencing on July 25, 2017, and make a significant payment towards

Motion for Sentencing in Absentia -- 3

restitution. (ECF No. 36, at 2.) Despite Defendant's representations to his counsel, Defendant failed to appear for sentencing on July 25, 2017. On July 25, 2017, Defendant's counsel told the Court that he has lost contact with his client. (ECF No. 45.)

Defendant went to Mexico on or about March 15, 2017, to tend to his farm and did not return by the court-ordered date of May 15, 2017. There is no evidence to suggest that Defendant's failure to return from Mexico on May 15, 2017, was involuntary. Instead, Defendant represented to his counsel that he needed to remain in Mexico to deal with drought-like conditions that were impacting his farm. (ECF No. 36, at 2.) During the period 2009-2012, Defendant, a dual U.S./Mexican citizen, transferred more than $500,000 to Mexico, where he established a farm and a residence that represents the vast majority of his assets. This farm also presumably represents Defendant's primary source of income, and he apparently has no one to manage this property during any lengthy absence. Defendant has various relatives who live in the United States, including several siblings and two adult sons, one of whom attends college in the Eastern District of Washington. His wife is a Mexican citizen and has legal permanent residency status in the United States. Defendant's parents and several siblings also live in Mexico. Despite Defendant's representations to his counsel and this Court, the government asserts that Defendant, through his actions, does not intend to return voluntarily to the United States to face a possible sentence of incarceration with respect to the tax charges in this case. Defendant appears to be motivated to remain in Mexico to tend to his farm and enjoy the lifestyle that he amassed from the untaxed income at issue in this case.

Moreover, Defendant ceased communications with his attorney several weeks prior to the July 25, 2017 sentencing hearing. Thus, he has apparently not had the opportunity to review the final and amended Pre-Sentencing Reports ("PSR"), filed as ECF Nos. 37 and 43, with his counsel. "[W]hen a district court finds that a defendant voluntarily absents himself from sentencing, he must also be deemed to have waived

Motion for Sentencing in Absentia -- 4

his right to review the PSR, . . . otherwise, Rule 43 would be 'largely useless.'" *United States v. Achbani*, 507 F.3d 598, 602 (7th Cir. 2007) (*citing Jordan*, 216 F.3d, at 1250). Thus, Defendant, by fleeing and remaining voluntarily absent from his sentencing hearing, has waived his right to review the presentence report with counsel pursuant to Federal Rule of Criminal Procedure 32.

Accordingly, the government contends that it is appropriate for this Court to sentence Defendant in absentia as he has absconded from the Eastern District of Washington and has no reason to voluntarily return to attend his sentencing hearing.

DATED this 1st day of August, 2017.

JOSEPH HARRINGTON
Acting United States Attorney

s/ Lisa L. Bellamy

Lisa L. Bellamy
Trial Attorney
U.S. Department of Justice Tax Division

Gregory Bernstein
Trial Attorney
U.S. Department of Justice Tax Division

Motion for Sentencing in Absentia -- 5

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Robert M. McCallum, Esq.
Counsel for Defendant Jose L. Echeverria
E-Mail: rmccallum@lesourd.com

s/ Lisa L. Bellamy

Lisa L. Bellamy
Trial Attorney
U.S. Department of Justice Tax Division

Motion for Sentencing in Absentia -- 6